**\*\* NOT FOR PRINTED PUBLICATION\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| EDWING AHMED ALVAREZ | § | |
| VS. | § | CIVIL ACTION NO. 9:20-CV-90 |
| DIRECTOR, TDCJ-CID | § | |

ORDER ACCEPTING THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Edwing Ahmed Alvarez, an inmate confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, brings this petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Keith Giblin, United States Magistrate Judge, at Lufkin, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends this petition for writ of habeas corpus be denied (docket entry no. 21).

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. No objections to the Report and Recommendation of United States Magistrate Judge have been filed to dates.[1]

ORDER

The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ACCEPTED**. A Final Judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

Furthermore, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed

---

[1] Petitioner received a copy of the Report and Recommendation on September 28, 2020 (docket entry no. 22). Petitioner sought an extension to file Objections which was granted on October 20, 2020 (docket entry no. 25). Petitioner only filed a Notice on November 25, 2020, requesting the Court assist him in a FOIA request (docket entry no. 27). This Court has no authority to in this § habeas petition to order officials at TDCJ to rush petitioner's FOIA request. The Court admonishes petitioner that it is not necessary to have evidence in order to file a civil rights action.

unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, petitioner has not shown that any of the issues would be subject to debate among jurists of reason. The questions presented are not worthy of encouragement to proceed further. Therefore, petitioner has failed to make a sufficient showing to merit the issuance of certificate of appealability. A certificate of appealability will not be issued.

So ORDERED and SIGNED, Jan 13, 2021.

                                              Ron Clark
                                              Senior Judge